UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANDOVAL-PASOS,<br><br>    Petitioner,<br><br>    v.<br><br>T. TAYLOR, Warden,<br><br>    Respondent. | No. 1:25-cv-00525-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on May 5, 2025. Petitioner takes issue with a disciplinary proceeding in which he was found guilty of tattooing. Because the petition fails to state a claim for relief, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.

1

2001).

B.     Due Process Rights in Prison Disciplinary Hearing

On September 20, 2024, Petitioner was found guilty of committing the prohibited act of tattooing or self-mutilation in violation of BOP Code 228. (Doc. 1 at 11.) It is unclear what sanctions were imposed. Petitioner contends he was denied his right to a staff representative, and he was not provided a copy of the UDC report.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not claim that the afore-mentioned due process protections were violated, and a review of the exhibits reveals that all due process requirements were met. He does not claim he was not provided with more than 24 hours' notice of the hearing, he does not claim that witnesses or documentary evidence were denied, and he does not claim that he was not provided with a written copy of the disciplinary hearing determination. According to the exhibits, it appears these procedural due process requirements were satisfied. (Doc. 1 at 11, 13.)

In Grounds One and Two, Petitioner claims he was denied his right to a staff

1  representative. He claims he requested a specific staff representative at the initially scheduled
2  disciplinary hearing but was informed that the individual was unavailable at that time. Petitioner
3  refused to continue without one, so the hearing was postponed.  At the second hearing, Petitioner
4  was again advised that the individual was unavailable. Petitioner states the disciplinary hearing
5  officer ("DHO") informed him that he would have to go forward with the hearing without one,
6  and if he insisted on refusing to proceed without his staff representative, then he would suffer
7  worse consequences from the DHO.

8  Having a staff representative is not one of the enumerated procedural due process
9  protections that must be afforded in a prison disciplinary proceeding. There is also nothing in the
10 record to support Petitioner's accusation. The record reflects that Petitioner waived his right to a
11 staff representative at the hearing; the waiver apparently bears Petitioner's signature. It also does
12 not appear Petitioner suffered any prejudice. In other words, a staff representative would not have
13 altered the outcome. There was overwhelming evidence of Petitioner's guilt, which included
14 accounts from staff having observed Petitioner tattooing another inmate while conducting rounds,
15 photographic evidence, and documentary evidence. Even if the allegation is true, if a prison
16 otherwise complies with due process requirements, the failure to comply with its own more
17 generous procedures is not a constitutional violation.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th
18 Cir. 1994).

19 In Ground Three, Petitioner claims that he was not provided a copy of the Unit Discipline
20 Committee ("UDC") report. He does not, however, contend that he was not provided a copy of
21 the DHO report. Per 28 C.F.R. § 541.7, once an incident report is generated and staff
22 investigation has concluded, a UDC will review the incident report.  Should the UDC conclude a
23 prisoner committed the prohibited act charged, it may sanction the prisoner.  Id. However, the
24 UDC cannot sanction a prisoner with loss of good conduct time credits, FSA time credits,
25 disciplinary segregation, or monetary fines. Id. The UDC may, however, refer the incident report
26 to a DHO for a hearing at which time sanctions with loss of time credits, disciplinary segregation,
27 or other sanctions may be imposed. Id. Based on his subsequent appeals, it is apparent the DHO
28 report was provided. Petitioner also claims the UDC report would have supported his claim that

1  he desired a staff representative, but there is no dispute that he requested a staff representative at
2  the UDC hearing. (Doc. 1 at 11.)
3  　　　　Finally, Petitioner does not dispute that there was at least "some evidence" to support the
4  decision.  See Hill, 472 U.S. at 455 ("the requirements of due process are satisfied if some
5  evidence supports the decision by the prison disciplinary board to revoke good time credits.")
6  Petitioner does not dispute the facts of the case, to wit, that he tattooed another inmate.
7  　　　　For the foregoing reasons, the Court finds that Petitioner fails to state a claim that his due
8  process rights were violated.  Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455.  The petition should
9  be dismissed.

10  **ORDER**

11  　　　　IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District
12  Judge to the case.

13  **RECOMMENDATION**

14  　　　　For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus
15  petition be DISMISSED.
16  　　　　This Findings and Recommendation is submitted to the United States District Court Judge
17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the
18  Local Rules of Practice for the United States District Court, Eastern District of California.  Within
19  twenty-one (21) days after being served with a copy of this Findings and Recommendation, a
20  party may file written objections with the Court and serve a copy on all parties. Id. The document
21  should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall
22  not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not
23  consider exhibits attached to the Objections. To the extent a party wishes to refer to any
24  exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page
25  number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in
26  excess of the fifteen (15) page limitation may be disregarded by the District Judge when
27  reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
28  parties are advised that failure to file objections within the specified time may result in the waiver

of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:     **May 9, 2025**                                    /s/ *Sheila K. Oberto*                     
                                                                                    UNITED STATES MAGISTRATE JUDGE