UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANDOVAL-PASOS,<br><br>            Petitioner,<br><br>       v.<br><br>T. TAYLOR, Warden,<br><br>            Respondent. | No. 1:25-cv-00525-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 5 |

   Petitioner Juan Sandoval-Pasos is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On May 9, 2025, the assigned magistrate judge issued findings and recommendations to dismiss the petition for failure to state a claim. Doc. 5. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No objections have been filed, and the deadline to do so has expired.

1

1 In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court notes that the petition will be dismissed without leave to amend because amendment would be futile. *Caswell v. Calderon*, 363 F.3d 832, 837–38 (9th Cir. 2004) (court may dismiss a habeas petition without leave to amend where amendment would be futile). As the findings and recommendations explained, petitioner attempts to raise claims which are not cognizable on federal habeas corpus review. *See* Doc. 5 at 3–4. Furthermore, the record shows that the due process requirements of *Wolff* were satisfied, *see id.*, and petitioner did not argue otherwise, *see* Doc. 1. Accordingly, amendment of the petition would be futile.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly,

1. The findings and recommendations issued on May 9, 2025, Doc. 5, are adopted in full;
2. The petition for writ of habeas corpus is dismissed with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated:   June 19, 2025

UNITED STATES DISTRICT JUDGE